**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DIANNA SCHOTT,                                                Case No. 1:12-cv-918

               Plaintiff,                                    Spiegel, J.
                                          Bowman, M.J.
     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

**REPORT AND RECOMMENDATION**

**I.  Introduction**

Pursuant to local practice, this social security case has been referred to the undersigned magistrate judge for initial review and a report and recommendation.  On May 3, 2013, Defendant filed a motion seeking to voluntarily reverse the Commissioner's decision and remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. §405(g).  It has been the experience of this Court, in the relatively rare cases in which the Defendant agrees to remand, that the parties will typically file a joint stipulation to remand the case back to the Commissioner.  However, in this case Plaintiff opposes Defendant's request for a remand, and instead advocates for full reversal and remand solely for entry of benefits.  To that end, Plaintiff has filed a Statement of Errors (Doc. 10), to which the Defendant has filed no response.

## II. Analysis

Having examined the record in this case, the undersigned concludes that remand for further review is the appropriate course of action.  Although the ALJ clearly determined that Plaintiff ultimately became disabled from her right shoulder injury, and evidence that she became disabled *at some point* prior to her last insured date of December 31, 2007 is very strong, the precise date of disability remains unclear.

For example, Plaintiff points to Dr. Reinhart's clinical records, dated December 19, 2007, just prior to the expiration of Plaintiff's insured status.  However, those records do not as strongly support Plaintiff's claimed disability date of eight months earlier.  Dr. Reinhart noted in December that Plaintiff "does not complain of any significant anterior shoulder pain," but only of localized pain "in the posterior and superior shoulder," with "no numbness, tingling, or weakness in her arm."  Only when using her arm for "anything strenuous" did Plaintiff experience radiating pain at that point in time.  At that same December 2007 visit, she reported using a sling "part-time," and that Vicodin provided "partial relief" of her symptoms.  Moreover, although Plaintiff contends that the ALJ over-relied upon a November 30, 2007 MRI that showed mild tendinopathy, arguing that the ALJ discussed only "1/2 of the MRI findings in isolation," (Doc. 10 at 7), those same findings – incomplete as they may have been – provide inferential evidence that Plaintiff's shoulder condition *may* not have been fully disabling – particularly months earlier in April.

In short, there is no dispute that Plaintiff's shoulder condition deteriorated over

2

time to the point of complete disability.  However, many of Plaintiff's medical records (including most of her shoulder surgeries) significantly post-dated her last insured date. Plaintiff repeatedly points to testimony and clinical records that reflect the development of pain pump Chondrolysis following the insertion of a pain pump during a surgery that occurred on May 10, 2007.  However, that same "pain pump" evidence suggests that Plaintiff's shoulder felt well "for a brief time of about a month, roughly around the three month mark," at which time Plaintiff no longer required narcotic pain medication and was making progress in physical therapy.  (Exhibit 21F/8).

In other words, the amount of time during which Plaintiff seemed to experience improvement following her May 2007 surgery, and precisely when her shoulder deteriorated and became disabling, are not clear from the records presented to this Court.  Plaintiff points to a November 2007 MRI that showed "some arthritic change," and Dr. Hasan's opinion that in a "prototypic[al]" patient experiencing pain pump Chondrolysis, "patients begin to notice that sometime around four to five months post-operatively with increasing pain and progressive loss of motion and that appears to be what we have here."  (*Id.* at 10).  But Dr. Hassan further opined that the pain and loss of motion were more fully evident by the "7-8 month" post-surgical mark.  It is noteworthy that seven months post-surgery would be prior to Plaintiff's last insured date, but that eight months would fall just beyond that critical date.  While the undersigned reiterates that evidence in favor of a pain-pump related shoulder disability prior to December 31, 2007 is very strong, the evidence of disability dating fully back to April 2007 is not as

3

strong.  Merely pointing this out is not intended as any prediction about the outcome of Plaintiff's case on remand.  Rather, it is precisely because Plaintiff's disability onset date cannot be adequately determined by the undersigned that remand for further consideration is recommended as the most appropriate course of action.

The undersigned acknowledges that Plaintiff does not rely solely upon her shoulder condition, but points to additional evidence relating to her mental impairment. Plaintiff also asserts errors relating to the testimony of the vocational expert and Plaintiff's own testimony concerning her pain level and limitations between May and December 2007.  Even considering these additional assertions of error, however, I conclude that remand for further review by the Commissioner is necessary.

In *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 173 (6th Cir. 1994), the Sixth Circuit set forth "what a district court should do once a determination is made that an ALJ erroneously applied the regulation and the Secretary's denial of benefits therefore must be reversed."  *Faucher* explained that a trial court "can reverse the decision and immediately award benefits *only* if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Id.* at 176 (emphasis added).  In general, an award of benefits should be made only if proof of disability is strong and opposing evidence is lacking, or where proof of disability is "overwhelming."  *Id.*  The Sixth Circuit reversed the immediate award of benefits made by the trial court in *Faucher* because of "conflicting evidence in regard to the severity of plaintiff's emotional impairments."  *Id.*  As in *Faucher*,

4

conflicting evidence exists concerning a key element of Plaintiff's claim – namely, the date on which she became disabled under the Act.

### III.  Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** the Commissioner's decision be **REVERSED** under sentence four of 42 U.S.C. §405(g), and remanded to the Commissioner for further review, in accordance with the Defendant's Motion to Remand (Doc. 9).  As no other matters remain pending, this case should be **CLOSED**.


 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DIANNA SCHOTT,                                                     Case No. 1:12-cv-918

      Plaintiff,                                                      Spiegel, J.
                                                                   Bowman, M.J.

      v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6